# IN THE COURT OF APPEALS OF IOWA

No. 16-0340
Filed May 11, 2016

**IN THE INTEREST OF A.S. AND M.M.,**
**Minor children,**

**A.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan C. Cox, District

Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Kevin E. Hobbs, West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

Nicole G. Nolan of the Youth Law Center, Des Moines, for minor children.


Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

A father appeals the juvenile court order terminating his parental rights to his daughters, M.M. and A.S., ages six and three. He argues the State did not offer clear and convincing evidence to support the statutory grounds for termination. He also contends the court should have foregone termination because the children are placed with their grandmother and have a close bond with their father. After our de novo review[1] of the record, we agree with the juvenile court's conclusions and affirm the termination of parental rights.

The Iowa Department of Human Services (DHS) removed these children from their mother's care in October 2014 because of her methamphetamine use.[2] The DHS decided the father was not an appropriate placement for the children following removal because of his issues with mental health, anger management domestic violence, and housing instability. Since the children's removal, they have been living with their paternal grandmother. The juvenile court approved weekly one-hour supervised visits between the father and daughters. Due to his anger issues, the father was not allowed to be alone with the children. M.M. and A.S. were adjudicated as children in need of assistance (CINA) in December 2014. They have not been returned to either parent's care.

The father has been diagnosed with bipolar and personality disorders. He also suffers from seizures and other medical conditions that are worsened by his

---

[1] We review termination proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "'We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses.'" *Id.* (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)). Clear and convincing evidence must support the termination. *Id.* "Evidence is clear and convincing when we have no serious or substantial doubts as to the correctness of conclusions of law drawn from it." *Id.*

[2] The juvenile court also terminated the parental rights of the mother, but she is not a party to this appeal.

consumption of alcohol. Since the CINA adjudication, the father has done little to address his alcohol use or mental health problems. He takes medication but rejects therapy, saying: "I don't like talking to people about my feelings." He has not attended substance abuse treatment since his release from incarceration in 2015. He has not complied with other services, frequently missing visitations, and he lost contact with the DHS for more than one month in 2015.

The State filed a petition to termination parental rights in October 2015. Following a two-day hearing starting in December 2015 and concluding in February 2016, the district court terminated the father's parental rights under Iowa Code section 232.116(1)(f) (2015)[3] as to M.M. and section 232.116(1)(h)[4] as to A.S. He challenges the termination order on appeal.

The father first argues the State failed to offer clear and convincing proof that the children could not be returned to his custody at the present time under section 232.116(1)(f) and (h). He contends he is capable of taking care of the children immediately. The record does not support his contention.

---

[3] Iowa Code section 232.116(1)(f) reads:
> The juvenile court may terminate the rights of a parent to a child if: (1) the child is four years of age or older, (2) the child has been adjudicated a CINA pursuant to section 232.96, (3) the child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days, and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[4] Iowa Code section 232.116(1)(h) reads:
> The juvenile court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) there is clear and convincing evidence the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father failed to maintain stable housing, living in four different places in 2015. At the time of the hearing, the father was living with his girlfriend. She had a felony drug conviction, was on probation for theft, and her own children were not living with her because of her instability. In addition, the father acknowledged at the hearing he was unable to provide financially for his children.

The record also reveals he has not addressed his issues with substance abuse or mental health, including his difficulties with anger management. The juvenile court expressed concern over his behavior at the termination hearing. The court noted his "voice became loud and fast, his body gestures included pointing, clenched fists and shaking. [His] repeated courtroom outbursts would have been terrifying for a young child."

We find clear and convincing evidence that the children could not be safely placed in their father's care at the time of the hearing; termination was proper under subsections (f) and (h).

The father next argues the juvenile court should have declined to terminate his parental rights based on the factors in Iowa Code section 232.116(3)(a) and (c). Those factors are permissive; a juvenile court may choose to forego termination if any of the listed circumstances are satisfied but is not obligated to do so. *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

We do not find that placement of the girls with their grandmother tips the balance away from termination. *See* Iowa Code § 232.116(3)(a) (allowing juvenile court not to terminate parental rights when a "relative has legal custody of the child"); *see also In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (suggesting

placement by the DHS into grandparents' care was not "legal custody"). The grandmother testified her son is not often around because of his busy work schedule as a bounty hunter. She also testified he has "more work to do" before he could safely parent these children. We do not believe it is in the children's best interest to wait for their father to stabilize his life and learn to be a parent when he has made little progress in complying with services during the course of the CINA proceedings. *See In re A.A.G.,* 708 N.W.2d 85, 93 (Iowa Ct. App. 2005).

We likewise do not find clear and convincing evidence that termination would be detrimental to the children given the strength of their bond with the father. *See* Iowa Code § 232.116(3)(c). While we do not question the father's love for his daughters, the record does not show that the closeness of the parent-child relationship outweighs the girls' need for permanency.

**AFFIRMED.**